**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| BRIAN PEAK, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2:25-cv-00018-MTS |
| KEVIN SHOEMAKER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint and motion for leave to proceed in forma pauperis filed by Brian Peak, an inmate at the Macon County Jail. It appears Peak purports to file the complaint jointly with one David Marcel Noel, a fellow inmate. The complaint asserts claims related to the conditions of confinement at the Macon County Jail, including irregularities in the handling of mail and grievances, confiscation of food bought at the commissary, lack of winter clothing, lack of sunlight and fresh air and a varied diet, and lack of a medical department. Peak and Noel both filed handwritten motions seeking leave to proceed without prepayment of the $405 filing fee, but neither person submitted the certified account statement required by 28 U.S.C. § 1915(a)(2).

Peak may not assert 42 U.S.C. § 1983 claims on behalf of himself and Noel. Federal law authorizes Peak to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, but he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Additionally, because Peak is not a licensed attorney, he cannot represent others in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Finally, for the reasons explained in *Georgeoff v. Barnes*, this Court does not allow prisoners to jointly file a 42 U.S.C.

§ 1983 case. 2009 WL 1405497, No. 2:09-cv-00014-ERW (E.D. Mo. May 18, 2009). Therefore, the Court will strike Noel from this action, and deny as moot his motion for leave to proceed in forma pauperis. Noel remains free to file a 42 U.S.C. § 1983 lawsuit based on the allegations in the instant complaint, but he must do so individually.

The Court now addresses Peak's motion for leave to proceed in forma pauperis. Congress has mandated that the Clerk of this Court—like the clerk of any federal district court—require a plaintiff filing a civil case like this one "to pay a filing fee of $350," along with any "additional fees" that the Judicial Conference of the United States has prescribed. 28 U.S.C. § 1914(a), (b).[1] Congress also has provided district courts with the power to "authorize the commencement" of any suit, action, or proceeding without the prepayment of fees if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his or her inability to pay, and the nature of the action. *See* 28 U.S.C. § 1915(a)(1). But, as relevant here, additional requirements apply when the filer seeking to proceed without the prepayment of fees is a "prisoner."[2]

The Prison Litigation Reform Act ("PLRA" or "the Act") "requires all inmates to pay filing fees." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (citing Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321 (1996)). Indeed, as the U.S. Court of Appeals for the Eighth Circuit has said, "[t]he purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the

---

[1] The sum of the statutory filing fee and the additional fees prescribed by the Judicial Conference is $405.

[2] For purposes of § 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam).  The PLRA makes a prisoner responsible for paying the full filing fee the moment he brings a civil action. *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) (providing that "if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee").

In addition to filing the affidavit noted above, the PLRA requires a prisoner to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  With that account statement, the court must calculate "the average monthly deposits to the prisoner's account" and "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1)(A)–(B).  The PLRA provides that the court then "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of twenty percent of whichever amount is greater, the average monthly deposits or the average monthly balance. *Id.*

Here, Peak failed to submit a certified copy of his account statement (or institutional equivalent) as required by section 1915(a)(2).  As courts consistently note, Congress wrote section 1915 in mandatory terms.  *See, e.g.*, *Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-0002- JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312- MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneof*, 1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020).  Based on the plain text of § 1915, without Peak's account statement, the Court cannot

grant his motion.  *See* 28 U.S.C. § 1915(a)(2), (b)(1).

The Court will therefore deny Peak's motion without prejudice.  *See Smith v. Urban*, 928 F. Supp. 532, 532 (E.D. Pa. 1996) (denying motion for this reason); *Maisano v. Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (per curiam) (affirming denial of motion for this reason). The Court will give Peak 45 days to either prepay the $405 filing fee or comply fully with section 1915(a).  Failure to timely comply will result in the dismissal of this action without prejudice and without further notice.[3]  *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the PLRA, the failure to submit the prison account statement required by § 1915(a)(2) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also, e.g.*, *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005); *DeVaughn v. Johnson*, 80 F. App'x 684, 685 (D.C. Cir. 2003) (per curiam).  Peak's failure to timely comply will result in the dismissal of this case, without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** David Marcel Noel from this action, and mail to Noel a copy of this Memorandum and Order. Additionally, in CM/ECF, the Clerk shall edit the style of this case to reflect that Brian Peak is the only plaintiff.

**IT IS FURTHER ORDERED** that David Marcel Noel's motion for leave to proceed in forma pauperis, Doc. [3], is **DENIED** as moot.

---

[3] If Peak fully complies with section 1915(a) and the Court grants him leave to proceed without prepayment of the filing fee, the Court will assess an initial partial filing fee and direct Peak to pay it.  After Peak pays the initial partial filing fee, the Court will review Peak's complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it is subject to summary dismissal.  Peak is advised that he will be responsible for paying the filing fee, even if his case is dismissed upon section 1915(e) review.  *See Tyler*, 110 F.3d at 529–30.  If Peak prepays the full $405 filing fee, the Court will review his complaint in accordance with 28 U.S.C. § 1915A to determine whether it is subject to summary dismissal.

4

**IT IS FURTHER ORDERED** that Brian Peak's motion for leave to proceed in forma pauperis, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **Monday, April 07, 2025**, Brian Peak shall either pay the $405 filing fee, or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs on the proper form that is accompanied by a certified copy of his inmate account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Brian Peak a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

Dated this 19th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE